UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
05-CR-274S

LARRY CHAVERS, JR..

Defendant.

1. Defendant Larry Chavers is charged by Indictment with knowingly, intentionally and unlawfully possessing with intent to distribute a quantity of a mixture and substance containing cocaine base in violation of Title 21, United States Code, Section 841(a)(1). Currently before this Court is the Government's Motion for an Order: (1) making findings with respect to time previously excluded by Magistrate Judge Hugh B. Scott pursuant to the Speedy Trial Act, 18 U.S.C. § 3161; (2) further excluding time due to the unavailability of Defendant's counsel; and/or (3) setting a trial date within the period of time remaining under the Speedy Trial Act. For the reasons set forth herein, the Government's motion is denied as insufficient.

2. Defendant was charged in a criminal complaint with the offense previously described herein on November 18, 2003, and was arrested on November 20, 2003. The Grand Jury for the Western District of New York returned an Indictment against Defendant on October 6, 2005. The record reflects that Judge Scott granted numerous adjournments to facilitate a plea disposition, but counsel failed to negotiate a final plea agreement.[1] On June 22, 2006, Judge Scott, finding no basis for a Speedy Trial exclusion and no reason to retain the case, referred this matter to the undersigned for further proceedings. At that

[1]The record is replete with references to defense counsel's failure to meet with his client or the Government or to appear as directed before Judge Scott to report on the status of Defendant's case.

time, defense counsel orally moved to withdraw on the basis that Defendant did not have the funds to proceed to trial. Judge Scott declined to hear the motion and directed counsel to present it to the district court.

3. On June 26, 2006, the Government filed a Motion to Set a Trial Date. Counsel for the Government and Defendant appeared for a status conference on the Motion on June 29, 2006, at which time the undersigned admonished counsel for their lack of vigilance in resolving this case in a timely manner. This Court attempted to schedule this case for trial, but defense counsel indicated that he would not be available. Accordingly, the undersigned scheduled a further status conference to set a trial date. This Court declined to entertain defense counsel's oral motion to withdraw, and directed him to file a written motion for such relief. The Government's oral motion for a Speedy Trial exclusion based on continuity of counsel was also denied. Given the protracted history of this case, the undersigned directed the Government to file a Order by the close of business setting forth the time left under the Speedy Trial Act and detailing each exclusion made thereunder.

4. At approximately 7 p.m. on June 29, 2006, the Government filed the instant Motion for a Speedy Trial Order requesting the relief previously set forth herein.

5. Having reviewed the Government's Motion, this Court finds that it is wholly insufficient, both factually and legally, to support a finding that time has been properly excluded under the Speedy Trial Act. As an initial matter, the Motion fails to set forth the specific subsections of the Speedy Trial Act under which time was excluded or Judge Scott's findings, if any, with respect to the ends of justice and the interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Accordingly, the Government's request for an Order making findings with respect to time previously

excluded under the Speedy Trial Act is denied. Any further requests for such a determination must detail the legal and factual justification for every purported exclusion under the Speedy Trial Act.

6. This Court finds that the interests of the public and the defendant in a speedy trial dictate that this case must proceed to trial as soon as practicable. Accordingly, the Government's Motion to Set a Trial date is granted. This matter is scheduled for jury selection on **Tuesday, August 8, 2006,** at 9:30 a.m. in Part IV, United States Courthouse, 68 Court Street, Buffalo, New York.

7. Lastly, the Government's Motion provides no reasonable justification for a further exclusion of time under the Speedy Trial Act. Having reviewed the record in this case, this Court finds that belies any claim that either the Government or defense counsel has exercised due diligence such that an exclusion for continuity of counsel would be appropriate. 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, this Court **does not** find that the ends of justice served in granting a continuance or exclusion would outweigh the best interests of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Accordingly, the Government's request for a further exclusion is denied.

IT HEREBY IS ORDERED, that the Government's Motion for a Speedy Trial Order (Docket No. 46) is DENIED as insufficient.

FURTHER, that the Government's Motion to Set a Trial Date (Docket No. 44) is GRANTED.

FURTHER, that this case is scheduled for jury selection on Tuesday, August 8, 2006.

FURTHER, that the Government's request for a further exclusion under the Speedy Trial Act is denied.

SO ORDERED.

Dated: June 30, 2006
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge