UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                       **ORDER TO SHOW CAUSE**
                                                                05-CR-274S

LARRY CHAVERS,

                Defendant.

1. Defendant Larry Chavers is charged by Indictment with knowingly, intentionally and unlawfully possessing with intent to distribute a quantity of a mixture and substance containing cocaine base in violation of Title 21, United States Code, Section 841(a)(1). Currently before this Court is defense counsel's Motion to Withdraw, as well as the issue of whether there has been unnecessary delay in presenting this charge to the grand jury, or bringing Defendant to trial.

2. A review of the docket reveals that Defendant was charged by criminal complaint on November 18, 2003, and arrested on November 20, 2003. Despite numerous adjournments to facilitate a pre-Indictment plea disposition in this case, counsel were unable to negotiate a final plea agreement. Indeed, the pre-Indictment record references the Government's inability to meet with defense counsel, as well as defense counsel's failure to review the proposed plea agreement with his client, or to appear as directed before Judge Hugh B. Scott, United States Magistrate Judge, to report on the status of Defendant's case.

3. The Grand Jury for the Western District of New York returned an Indictment against Defendant on October 6, 2005. Judge Scott thereafter made numerous exclusions under the Speedy Trial Act, 18 U.S.C. § 3161, including a substantial exclusion for defense

motions which were never filed. On June 8, 2006 -- over two and a half years after Defendant's arrest and seven months after his Indictment -- defense counsel reported that the "parties were still trying to get some insight as to where this case is going." (Docket No. 42). On June 22, 2006, Judge Scott, finding no basis for a Speedy Trial exclusion and no reason to retain the case, referred this matter to the undersigned for further proceedings. At that time, defense counsel orally moved to withdraw on the basis that Defendant did not have the funds to proceed to trial. Judge Scott declined to hear the motion and directed counsel to present it to the district court.

4. On June 26, 2006, the Government filed a Motion to Set a Trial Date. Counsel for the Government and Defendant appeared for a status conference on the Motion on June 29, 2006, at which time the undersigned admonished counsel for their lack of diligence in resolving this case in a timely manner. This Court attempted to schedule the case for trial, but defense counsel indicated that he would not be available. Accordingly, the undersigned scheduled a further status conference to set a trial date. This Court declined to entertain defense counsel's oral motion to withdraw, and directed him to file a written motion for such relief. The Government's oral motion for a Speedy Trial exclusion based on continuity of counsel was also denied. Given the protracted history of this case, the undersigned directed the Government to file an order by the close of business on June 29, 2006, setting forth the time left under the Speedy Trial Act and detailing each exclusion made thereunder.

5. On June 29, 2006, the Government filed a Motion for a Speedy Trial Order which failed to set forth the specific subsections of the Speedy Trial Act under which Judge Scott previously excluded time, or his findings with respect to the ends of justice and

the interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Accordingly, in a Decision and Order entered on June 30, 2006, this Court denied as insufficient the Government's Motion for a Speedy Trial determination, set a date for trial, and declined to make any further exclusions under the Speedy Trial Act.

6. On June 30, 2006, Defendant's counsel filed a Motion to Withdraw citing to Defendant's inability to pay.[1] Therein, defense counsel represented that "[t]he Defendant understands and agrees that I should be allowed to withdraw." (Mot. to With., ¶ 6). As the record makes clear, however, defense counsel has failed to exercise any measure of diligence in defending this case for nearly two years, and has failed to communicate with his client in any meaningful way. Under the circumstances, this Court declines to accept his representation that Defendant consents to his withdrawal on the eve of trial. Accordingly, defense counsel's Motion to Withdraw is denied until such time that Defendant appears before this Court to give his consent on the record.

Given that this matter has been pending before this Court for several years, that the Government has failed to proceed against Defendant in a manner consistent with diligent prosecution, and that defense counsel has failed to meaningfully represent his client,

IT HEREBY IS ORDERED that the Government shall appear before this Court on **Wednesday, July 19, 2006, at 9:00 a.m.** in Part IV, United States Courthouse, 68 Court Street, Buffalo, New York to show cause why the Indictment should not be dismissed pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure.

FURTHER, that the Government shall file its opposition, if any, by July 14, 2006,

---

[1] The Motion to Withdraw as Defendant's Attorney was originally filed without a signature on June 30, 2006. Defense counsel filed a Second Motion to Withdraw on July 5, 2006.

detailing the legal and factual justification for each purported exclusion under the Speedy Trial Act.

FURTHER, that the Motion to Withdraw as Defendant's Attorney (Docket No. 50) is DENIED.

FURTHER, that both Defendant and his counsel shall appear on Wednesday, July 19, 2006, at 9:00 a.m. to resolve the issue of Defendant's continued representation.


SO ORDERED.

Dated:  July 7, 2006
        Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge